# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GLENFORD HEWITT,

    Plaintiff,

       v.

CHUGACH GOVERNMENT SERVICES,
INC.,

    Defendant.

Civil Action No. 16-2192 (JEB)

## MEMORANDUM OPINION

Plaintiff Glenford Hewitt worked for six years as a Facility Maintenance Technician for Defendant Chugach Government Services, Inc., here in Washington.  In the summer of 2016, Chugach fired him for allegedly sleeping on the job.  He responded with this suit for wrongful termination, which Defendant now moves to dismiss.  As Chugach correctly points out, Hewitt has not demonstrated that his claim falls within the public-policy exception to the doctrine that bars at-will employees from suing for wrongful discharge.  The Court will thus grant Defendant's Motion.

## I.    Background

According to Plaintiff's Complaint, which must be presumed true for purposes of this Motion, he "was employed on an at-will basis as a Facility Maintenance Technician by Defendant through Potomac Job Corps Center, Washington, District of Columbia,[] since March 22, 2010."  ECF No. 1-1, Attach. B (Complaint), ¶ 2.  "On or about June 22, 2016[,] Defendant alleged that Plaintiff was 'sleeping' on the job and as proof thereof, the Human Resources Manager alleged in writing that it [*sic*] 'received a picture' of Plaintiff sleeping on the job" that

1

day. <u>Id.</u>, ¶ 5.  Although Plaintiff denied such somnolence, the company nonetheless relieved

him of his position in early July.  <u>Id.</u>, ¶¶ 6-7.  Hewitt alleges that Defendant subsequently

admitted that no photographic proof existed.  <u>Id.</u>, ¶ 10.

The Complaint sets out no specific causes of action.  Given that it is entitled "Complaint

for Wrongful Termination of Employment," <u>id.</u> at 1, however, the Court assumes this is the sole

count asserted.  Plaintiff initially filed in the Superior Court of the District of Columbia, but

Defendant removed the matter here on the basis of diversity jurisdiction on November 2, 2016.

<u>See</u> ECF No. 1.  In setting out his claim, Hewitt alleges that his termination contravened the

District's public policy set forth in "D.C. Code, Title 51-110(b)(1)(2) [<i>sic</i>]," Compl., ¶ 11, a

code section related to unemployment benefits.  More particularly, he alleges that, in responding

to his application for unemployment compensation, "the District of Columbia Department of

Employment Services concluded that Defendant has not established gross misconduct for the

discharge of Plaintiff from his employment."  <u>Id.</u>, ¶ 9.  Hewitt also claims to have "reasonably

relied on the provisions of the personnel manual regarding the cause for which employees could

be terminated and the procedures set forth for such termination," which procedures, he believes,

were not followed.  <u>Id.</u>, ¶ 8.

Defendant has now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II.    Legal Standard

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a

claim upon which relief can be granted."  In evaluating Defendants' Motion to Dismiss, the

Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the

benefit of all inferences that can be derived from the facts alleged.'"  <u>Sparrow v. United Air

Lines, Inc.</u>, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting <u>Schuler v. United States</u>, 617 F.2d

605, 608 (D.C. Cir. 1979)) (citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402

F.3d 1249, 1250 (D.C. Cir. 2005).  The pleading rules are "not meant to impose a great burden

upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he must thus be

given every favorable inference that may be drawn from the allegations of fact.  Scheuer v.

Rhodes, 416 U.S. 232, 238 (1974).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6)

motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Plaintiff must

put forth "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  Id.  The Court need not accept as true "a legal

conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in

the Complaint.  Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting

Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)).  For a plaintiff

to survive a 12(b)(6) motion even if "'recovery is very remote and unlikely,'" moreover, the

facts alleged in the complaint "must be enough to raise a right to relief above the speculative

level." Twombly, 550 U.S. at 555-56 (citing Rhodes, 416 U.S. at 236).

## III.    Analysis

Plaintiff's claim here is that Chugach improperly sacked him.  His principal hurdle,

therefore, is his concession that he was merely an at-will employee.  See Compl., ¶ 2.  Such

status is not necessarily fatal to a wrongful-termination suit, however, as the Court explained in a

similar case:

> The general law "in the District of Columbia [is] that an employer
> may discharge an at-will employee at any time and for any reason,

or for no reason at all." <u>Adams v. George W. Cochran & Co., Inc.</u>, 597 A.2d 28, 30 (D.C. 1991) (citations omitted).  In <u>Adams</u>, the D.C. Court of Appeals held that "there is a very narrow exception to the at-will doctrine under which a discharged at-will employee may sue his or her former employer for wrongful discharge when the sole reason for the discharge is the employee's refusal to violate the law, as expressed in a statute or municipal regulation." <u>Id.</u> at 34.

The DCCA then expanded this exception six years later in its *en banc* decision in <u>Carl v. Children's Hospital</u>, 702 A.2d 159 (D.C. 1997).  The plaintiff in <u>Carl</u> was a nurse who was terminated after she testified in the City Council against the hospital's interests and also as an expert witness for plaintiffs in malpractice cases. <u>Id.</u> at 160.  The majority of the DCCA – as constituted by those joining Judge Terry's concurrence and Judge Steadman's dissent – held that <u>Adams</u>'s exception was not the only possible one, but that "the recognition of any such [future public-policy] exception must be firmly anchored either in the Constitution or in a statute or regulation which clearly reflects the particular 'public policy' being relied upon." <u>Id.</u> at 162 (Terry, J., concurring).  In addition, "[t]his court should consider seriously only those arguments that reflect a clear mandate of public policy − *i.e.,* those that make a clear showing, based on some identifiable policy that has been 'officially declared' in a statute or municipal regulation, or in the Constitution, that a new exception is needed.  Furthermore, there must be a close fit between the policy thus declared and the conduct at issue in the allegedly wrongful termination." <u>Id.</u> at 164 (Terry, J., concurring) (footnotes omitted).

<u>Robinson v. Securitas Servs., Inc.</u>, 819 F. Supp. 2d 18, 20 (D.D.C. 2011).

In seeking to identify a public policy here that his termination violated, Plaintiff comes up only with D.C. Code § 51-110(b)(2).  <u>See</u> ECF No. 8 (Opposition) at 2; Compl., ¶ 11 (mislabeled as "(b)(1)(2)").  This statute, however, relates to unemployment benefits and explains the situations in which they are available.  For example, (b)(1) refers to individuals "discharged for gross misconduct," and (b)(2) concerns those "discharged for misconduct, other than gross misconduct."  This statute in no way articulates or even suggests a public-policy exception to the at-will doctrine.

Hewitt nonetheless contends that § 51-110 means that employees "can be discharge [*sic*] only for gross misconduct occurring in the course of the employment."  Compl., ¶ 11; <u>see</u> Opp. at 2 ("[A]n identifiable policy, namely, an employee cannot be terminated except for gross misconduct, has been 'officially declared' in the said D.C. Code.").  The statute says nothing of the kind, and any such interpretation would eviscerate the notion of at-will employment.  This claim thus cannot proceed.

Finally, the Court pauses to note that Plaintiff's Complaint also alleges that he "reasonably relied on the provisions of the personnel manual regarding the causes for which employees could be terminated and the procedures set forth for such termination," which he says were not followed here.  <u>See</u> Compl., ¶ 8.  Defendant correctly rejoins that a violation of an employer's <u>own</u> policies "does not fall within the narrow ambit of the public[-]policy exception."  ECF No. 7 (Motion) at 5; <u>see</u> <u>Jones v. Dist. of Columbia Water & Sewer Auth.</u>, 963 F. Supp. 2d 17, 21 (D.D.C. 2013) ("[I]t is clear that an employer's violation of mere internal policies cannot support the exception.") (citations omitted).  Plaintiff's abbreviated two-page Opposition does not even mention the manual or make any other argument that it could somehow support a different or separate claim such that dismissal would be unwarranted.  In such a circumstance, it is not the Court's duty to articulate a theory for him.  <u>See</u> <u>Lewis v. Dist. of Columbia</u>, 2011 WL 321711, at *1 (D.C. Cir. 2011) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (quoting <u>Hopkins v. Women's Div., Gen. Bd. of Global Ministries</u>, 284 F. Supp. 2d 15, 25 (D.D.C. 2003)).

**IV.     Conclusion**

      The Court, accordingly, will dismiss the case without prejudice.  An accompanying Order

will issue this day.

                                     /s/ *James E. Boasberg*
                                     JAMES E. BOASBERG
                                     United States District Judge

Date:  December 5, 2016